UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN DALE BRADLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:17 CV 1644 DDN |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

This action is before the court upon the petition of Iowa state prisoner Steven Dale Bradley for a writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons discussed below, the habeas petition is denied and the action is dismissed.

### **Background**

Petitioner Bradley's federal habeas case in this Court involves two state court prosecutions, guilty pleas, sentencings, and post-conviction proceedings for the killings of two women, one in Iowa and the other in Missouri. The two murders occurred on or about June 25, 1994. Bradley's guilty plea in Iowa state District Court occurred on February 1, 1995. He pled guilty in Missouri state Circuit Court on February 9, 1995, and was then immediately sentenced by that court to life in prison without the possibility of parole. Brought back to Iowa shortly thereafter, Bradley was sentenced on February 10, 1995, to a mandatory term of life imprisonment to be served concurrent with the Missouri sentence.

In 2004, Bradley sought federal habeas corpus relief from the United States District Court for the Southern District of Iowa in *Bradley v. Ault*, Case No. 4:04 CV 40367 (S. D. Iowa 2004). On July 11, 2008, the Iowa federal District Court ruled that all of his grounds for relief were procedurally defaulted in the Iowa state courts, he had not shown cause or

prejudice for the default, and his grounds were without merit. *Bradley v. Ault*, Case No. 4:04 CV 40367, Doc. 71 (Order of District Judge adopting Report and Recommendation of Magistrate Judge (Doc. 67)).  The District Court denied a certificate of appealability, and the United States Court of Appeals for the Eighth Circuit affirmed, dismissing petitioner's appeal on June 25, 2009 (*Id.* Doc. 81).

Further understanding of the background of petitioner Bradley's federal habeas petition in this Court benefits from the following excerpt from the Magistrate Judge's opinion in the Iowa case:

> On June 25, 1994 two elderly women from Des Moines, Phyllis King and Clara Baker, were reported missing. After an investigation, material witness warrants were obtained for four individuals: Garland Shaffer, Angel Charlene Steward, Angel Chamberlain and [federal habeas petitioner] Bradley. Bradley and the others were arrested on June 28, 1994 in Osceola, Iowa by the Osceola Police Department. They were each questioned separately. Although the individuals told different and conflicting stories, it was determined that King and Baker were murdered at different times in different places: Baker in Des Moines and King in Missouri. Bradley participated in abducting both women and knew that Shaffer intended to kill them. He accompanied the women to a garage in Des Moines where Shaffer strangled Baker. Bradley assisted Shaffer in moving Baker's body to Madison County, Iowa. King was beaten and then taken alive by the group to Missouri, where Shaffer killed her by hitting her in the head repeatedly with a 2x4 board or club. Bradley was present or nearby as Shaffer murdered both women.[1] (See PCR ruling at 3; PCR Ex. 2, Plea Tr. at 12-13; see generally PCR Ex. 3).
>
> Bradley was charged with two counts of kidnapping in the first degree and one count of first degree murder in the death of Ms. Baker, all class "A" felonies under Iowa law carrying mandatory punishment of life imprisonment. Iowa Code §§ 707.2, 710.2, 902.1. Iowa authorities notified law enforcement in Missouri about King's death there. As a result, Missouri planned to charge Bradley with first degree murder, an offense punishable in Missouri by life imprisonment or death. Mo. Rev. Stat. § 565.020.2.
>
> Attorney Bill Thomas was appointed to represent Bradley in Iowa. Thomas applied for appointment of another lawyer from his firm as co-counsel, a lawyer who was licensed to practice in both Iowa and Missouri. The application was denied. Thomas was licensed to practice only in Iowa.

2

During the period of the attorney-client relationship, Thomas and Bradley had problems, leading Bradley to request Thomas be removed from his case at least three times. Each time a hearing was called on Bradley's request, he would retract the motion. Thomas filed a motion to suppress, a motion to dismiss and a motion to sever Bradley's trial from his co-defendants. Apparently these were denied. After the motions were ruled on by the trial court, Thomas began discussion with the prosecution about a plea arrangement which would include the charges in both states. Trial was set for February 6, 1995.

Between January 27, 1995 and February 1, 1995, Thomas was involved in several conference calls with prosecutors from Missouri and Iowa regarding plea negotiations. Ultimately, against the advice of Thomas as the PCR court found, Bradley decided to plead guilty to first degree murder in both states. He appeared for a plea proceeding in the Iowa District Court for Polk County on February 1, 1995. The Iowa written plea agreement provided that Bradley would plead guilty to first degree murder in both Iowa and Missouri. It recited his reason for doing so was to "avoid the possibility of the death penalty being imposed upon me in the State of Missouri." (PCR Ex. B, Plea Agreement at 4). The State agreed not to resist concurrent life sentences and to dismiss the kidnapping charges. As a part of the plea colloquy, Bradley admitted aiding and abetting Shaffer in the murder of Clara Baker. (PCR Ex. 2, Plea Tr. at 9, 12-13). The trial court asked Bradley if any threats or promises had been made to him to induce him to plead guilty, to which Bradley responded "no." (Id. at 8). Bradley also told the trial court he was satisfied with Thomas' representation. (Id. at 15). Bradley's plea was accepted. (Id. at 17).

On February 7, 1995 Bradley waived extradition and an order authorizing Bradley's transport to Missouri was entered. On February 8, Bradley was charged with first degree murder in Missouri. The criminal complaint alleged that Bradley "after deliberation, acting in concert with three other individuals, knowingly participated in the killing of Phyllis King" after she had been kidnapped from Iowa. (PCR Ex. B at 34). The complaint expressly charged an offense punishable by death. (Id. citing Mo. Rev. Stat. § 565.020.2).

Bradley was scheduled to appear in Missouri the next day, February 9. Early on February 9 Thomas spoke to John Lowe, a Missouri public defender who had agreed to serve as Bradley's Missouri defense counsel, to discuss the plea arrangements. Bradley arrived in Missouri later that day and spoke with Lowe for the first time. At the PCR hearing Bradley offered into evidence a memorandum from Lowe sent to Bradley on February 21, 1995

3

summarizing Lowe's involvement with his case. (PCR Ex. B, Lowe Mem. at 39-42). Lowe wrote that he was contacted on February 2, 1995 by the Missouri prosecutor and informed of the plea arrangement Thomas had negotiated which called for first degree murder pleas in both states. The prosecutor sent Lowe a copy of the plea agreement and the discovery concerning the Missouri investigation, which Lowe reviewed before Bradley was taken to Missouri. Lowe's memorandum indicates he was not able to speak to Thomas until February 9, but after talking to Thomas thought Thomas had negotiated a "fair deal" for Bradley. (Id. at 40). Lowe met Bradley for the first time at about 3:00 PM on February 9. They went over the evidence against Bradley, reviewed possible defenses, and Lowe explained the death penalty procedure to Bradley. Lowe told Bradley he had not tried a death penalty case but if he wanted to go to trial the public defender system would provide an attorney from the "Capital Division." (Id. at 41). Lowe advised Bradley there was plenty of evidence to convict him, and that he (Lowe) "could not hazard a guess on the likelihood of his receiving the death penalty." (Id.) Lowe thought Bradley was "very intelligent," seemed to understand what was going on, and "had made up his mind to go forward with the plea." (Id.) Bradley then waived his right to a preliminary hearing, entered a plea of guilty to first degree murder, and was immediately sentenced by the Missouri trial court to life in prison without the possibility of parole.

Bradley's Iowa sentencing had been moved up at his request from its original March 10, 1995 setting to February 10, 1995. On February 10 Bradley appeared for sentencing before the same judge who had taken his plea. Before sentence was pronounced the court reminded Bradley that at the time of the plea colloquy the court had informed him that if he wanted to challenge the adequacy or legality of the plea proceeding, he had to first file a motion in arrest of judgment no later than 45 days after the plea of guilty but in no case later than five days before the date set for sentencing. (PCR Ex. 2, Plea Tr. at 17; PCR Ex. 4, Sent. Tr. at 2-3). See Iowa R. Crim. P. 2.24(3)(b)(formerly Iowa R. Crim. P. 23(3)(b)). He was also told at his plea that if he failed to file a motion in arrest of judgment he would be forever barred from challenging the guilty plea procedure on appeal. (PCR Ex. 2, Plea Tr. at 17). The court informed Bradley if he was sentenced on February 10 it was not possible for him to file a motion in arrest of judgment with the result he would be waiving his right to file such a motion and be barred from challenging the guilty plea procedure on appeal. (PCR Ex. 4, Sent. Tr. at 3). Bradley said he understood and expressly waived his right to file a motion in arrest of judgment. (Id.) Thomas added he had explained to Bradley the consequences of failing to file a motion in arrest of judgment. (Id. at 4). The court then proceeded to sentence Bradley to the mandatory term of life

4

imprisonment to be served concurrently with the Missouri sentence. The court informed Bradley of his right to appeal the judgment to the Iowa Supreme Court and the associated rights to counsel and the costs of appeal paid by public funds. Bradley was informed by the court [that] notice of appeal had to be filed within thirty days from the date of sentencing and failure to file a timely appeal would result in a waiver of the right of appeal. (Id. at 7-8). He said he understood. (Id.)

---

[1] Bradley gave a detailed description of the kidnappings and murders and his role in them in a sworn February 3, 1995 post-plea statement to Iowa prosecutors. The statement was offered and received in evidence without objection at the PCR hearing. (PCR Ex. 3).

(S. D. Iowa No. 4:04 CV 40367, Doc. 67 at 1-7.)

Regarding the proceeding in the Clark County, Missouri, Circuit Court, on February 7, 1995, petitioner signed a written plea agreement. The agreement contained the following:

> 3.    By signing this agreement I accept the fact that the State of Missouri and the Clark County Prosecuting Attorney have sufficient factual basis and information to proceed with the prosecution against me for the crime set out in the Complaint. By signing this agreement I acknowledge that I am guilty of murder in the first degree in connection with the death of Phyllis King in Clark County, Missouri on or about June 25,1994. Mrs. King was kidnapped by myself and three other individuals, Garland C. Shaffer, Angel Chamberlain and Angel Stewart, on or about June 24, 1994 in Des Moines, Iowa. Mrs. King was held by the four of us in Des Moines until June 25 when she was taken to Clark County, Missouri. Mrs. King was taken by the four of us to a location near what Shaffer called the Calvert farm approximately four miles north and west of Revere, Missouri to the end of an unmarked gravel road near where Garland Shaffer claimed he was raised. The purpose of bringing Mrs. King to Clark County, Missouri, was to kill her and dump her body in a well. Mrs. King was then beaten by [handwritten interlineation:] Garland Craig Shaffer with a wooden two-by-four club and her body was thrown in a creek bed after we were unable to find a well in which to dump her body.

(E. D. Mo. No. 4:17 CV 1644, Doc. 17-1 at 10-11.) As stated, on February 9, 1995, petitioner appeared in the Circuit Court of Clark County, Missouri, and entered his plea of guilty and was sentenced to life in prison without the possibility of parole. (Doc. 17-2 at

5

27.)  The Missouri sentence would commence whenever petitioner is released from the Iowa Department of Corrections to the Missouri state detainer.  (*Id.* at 23-24.)

On July 26, 1995, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035.  (*Id.* Doc. 17-1 at 20.)  On September 26, 1995, he filed a written amended Rule 24.035 motion with the services of appointed counsel (*id.* at 42) and on November 28, 1995, he filed another written amended motion, this time pro se.  (*Id.* at 52.)  The Circuit Court denied relief on the ground that the motion was premature, because petitioner had never been delivered to the Missouri Department of Corrections, a prerequisite for consideration under Rule 24.035.  On January 21, 1997, the Missouri Court of Appeals affirmed on the ground that relief under Missouri Rule 24.035 is cognizable only after the subject prisoner is delivered physically to the Missouri Department of Corrections, even though he is confined in the Iowa Department of Corrections with his Missouri sentence running concurrently.  (*Id.* Doc. 17-5.)

On May 25, 2016, petitioner Bradley again sought relief in the Missouri Circuit Court under Rule 24.035.  On June 13, 2016, the Circuit Court ruled his motion thus:

> Movant has once again filed a motion seeking relief from this court pursuant to Supreme Court Rule 24.035.  As previously determined by this court, this court did not have jurisdiction to hear such motion since the defendant had not yet been delivered to the custody of the Missouri Department of Corrections.  Movant asserts in his current motion that he is still incarcerated in the "Iowa State Penitentiary".  Therefore, this court once again finds that it is without jurisdiction to grant any relief requested in Movant's Rule 24.035 motion since the movant has not been delivered to the custody of the Missouri Department of Corrections.  Therefore Movant's motion seeking relief under Rule 24.035 is hereby ordered dismissed.  Movant has requested this court appoint counsel other than a Public Defender to represent him in these matters.  This court did refer Movant's case to the Missouri Public Defender Post Conviction Relief Division.  They have refused representation since Movant has not been delivered to the custody of the Missouri Department of Corrections.  This court will not appoint private counsel to represent the defendant when publicly funded attorneys are available under appropriate circumstances.  Movant also seeks an order from this court to allow a timely appeal.  Although this court is not clear what movant wants to appeal from, the issue of the timeliness of any appeal will be determined by

6

the court to which an appeal is taken. This court is without jurisdiction to determine the timeliness of an appeal and therefore the motion seeking such order from this court is hereby dismissed.

(Doc. 1-1 at 1.)

On May 19, 2017, Bradley filed his petition for habeas corpus relief in this Court while confined in the Iowa Department of Corrections.[1]

## Petitioner's Grounds for Habeas Corpus Relief

Petitioner challenges his guilty plea conviction[2] and sentence in the Clark County, Missouri Circuit Court on several grounds in this habeas action:

1. Petitioner's Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated, because (a) his trial counsel did not have any experience in death penalty cases; (b) his counsel filed for discovery two to three weeks after he pled guilty; (c) his counsel did not inform him that Mo. Sup. Ct. R. 24.035 would render him unable to seek relief from his Missouri sentence while he was in the Iowa Department of Corrections; and (d) his counsel did not inform him of the full consequences of the plea bargain. (*Id.* Doc. 1.)

2. Grounds for relief alleged in his motion for post-conviction relief in the Missouri Circuit Court. (*Id.* Doc. 1 at 6 ("For all Grounds, please have Circuit Court send you a copy of my latest appeal—Very Important"). On July 26, 1995, petitioner Bradley, while confined in the Iowa Department of Corrections, filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence in the Clark County Circuit Court. In this motion he alleges the following grounds for relief: (a) he was dissatisfied with his attorney's representation; (b) the Iowa state prosecutor "showed willful disobedience in his duties and fact findings of truth;" (c) his guilty plea was coerced; (d) "Judge Novak failed to show discrepancy in accepting plea;" (e) several specifications of ineffective assistance of

---

[1] *See* (*Id.* Doc. 1 at 17 return address.)

[2] Petitioner Bradley alleges he "plead guilty to avoid the death penalty." (Doc. 1 at 1.)

7

counsel; (f) the Missouri state court judgment was rendered without jurisdiction; and (g) petitioner was not appointed counsel in the Missouri or the Iowa cases. (*Id.* Doc. 17-1 at pages 17-30.)

Respondent argues that the petition should be dismissed, because it was filed outside the federal habeas statute's one-year limitations period; it does not state any legally sufficient ground for tolling the limitations period; and it does not state any legally sufficient basis for habeas corpus relief. (Doc. 17.) The Court agrees that the petition must be dismissed as untimely.

### This Court has subject matter jurisdiction over this action

Title 28, United States Code, section 2254 provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Because petitioner is challenging his Missouri state court judgment, the sentence on which would commence if he is ever released from custody by the Iowa authorities, he is in custody for § 2254(a) purposes. *See Maleng v. Cook,* 490 U.S. 488, 493 (1989).

### Petitioner has no available remedy to exhaust under Missouri law

In federal habeas corpus actions, state court judgments are accorded "finality and respect." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Therefore, generally a federal district court may consider only grounds for relief that have been presented to the state trial and appellate courts. *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012). Before bringing a habeas petition under 28 U.S.C. § 2254, a state prisoner must first exhaust his state law remedies for the grounds presented in the federal petition. 28 U.S.C. § 2254(b)(1). A petitioner has not exhausted his remedies, if he has the right under state law to raise the claim by any available procedure. 28 U.S.C. § 2254(c).

Missouri Supreme Court Rules present three options to a prisoner seeking post-conviction relief from his guilty plea: Rule 24.035, Rule 29.07(d), and Rule 91.01. *Cahill*

*v. Bernsen*, 2014 WL 5242902 at *4 (E. D. Mo. Oct. 15, 2014) (Report and Recommendation of United States Magistrate Judge adopted by District Judge). Rule 24.035 is the proper avenue for relief from constitutionally ineffective assistance of counsel. *See* Mo. R. Crim. P. 24.035(a). Rule 29.07(d) provides for the withdrawal of a guilty plea under certain circumstances. *See* Mo. R. Crim. P. 29.07(d). And Rule 91.01 provides state habeas corpus relief.

For relief under Rule 24.035, the prisoner must be physically delivered to the Missouri Department of Corrections. *Thomas v. State of Missouri*, 808 S.W.2d 364, 365 (Mo. 1991); *State of Missouri v. Ison*, 270 S.W.3d 444, 446-47 (Mo. Ct. App. 2008); *Unnerstall v. State of Missouri*, 53 S.W.3d 589, 91 (Mo. Ct. App. 2001). That is not the case with petitioner Bradley.

A motion under Rule 91.01 likewise is available to "[a]ny person restrained of liberty within the state." *See* Mo. R. Crim. P. 91.01(b). Petitioner is not restrained of his liberty within the state of Missouri.

Petitioner is currently in Iowa serving a life sentence without the possibility of parole. It is therefore highly unlikely petitioner will ever be delivered to the Missouri Department of Corrections and thus be capable of filing for relief under Rules 24.035 or 91.01.

The remaining remedy available to him is filing a Rule 29.07(d) motion. This procedure does not require petitioner's presence in Missouri, nor does it require petitioner be remanded to the Missouri Department of Corrections before he can file it. *State v. Ison*, 270 S.W.3d at 446. Rule 29.07(d) allows defendant "to withdraw a plea of guilty . . . before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." However, he may not present claims that are normally brought in a Rule 24.035 motion, such as violations of the federal constitution, including ineffective assistance of counsel. *Ison*, 270 S.W.3d at 445. Thus, petitioner will not be able to bring any of his federal habeas claims, because he is limited to allegations that his

9

federal constitutional rights have been violated; these grounds are expressly enumerated as cognizable under Rule 24.035.

Generally, a federal court cannot hear claims in a habeas corpus petition before the state court has had a chance to hear those claims. 28 U.S.C. § 2254(b)(1)(A). However, a federal court can review such habeas claims, if "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(i)-(ii). Since petitioner Bradley is unable at this time to present any of his federal habeas claims to the Missouri courts and will not be able to do so while incarcerated in Iowa, he is deemed to have exhausted his available Missouri state court remedies.

## Petitioner has violated the federal statutory limitations period for filing his petition

The Antiterrorism and Effective Death Penalty Act (AEDPA) gives federal habeas petitioners one-year from their final state court judgments to file petitions for habeas corpus relief. 28 U.S.C. § 2244(d)(1). This time period is tolled when a prisoner appeals the state judgment or pursues post-conviction relief in state court. 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 6 (2000).

Petitioner filed his habeas petition in this Court on May 17, 2017, almost twenty years after his state court plea and sentencing. The grounds for his current federal petition were known to him when he filed in the Missouri Circuit Court three motions for relief under Missouri Rule 24.035 in 1995, and when the denial of that relief was affirmed by the Missouri Court of Appeals in January 1997. Nineteen and a half years later petitioner again sought relief in the Missouri Circuit Court, which denied relief on June 13, 2016, for the same reason it denied relief earlier.

The AEDPA's limitations period may be tolled for equitable reasons, *i.e.*, if he has pursued his rights diligently and some extraordinary circumstance prevented him from filing his petition timely. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

10

On June 19, 2017, this Court ordered petitioner to show cause why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).  Construing his pro se response to the show cause order liberally, petitioner argues only that the cause of his untimely federal filing was his counsel not informing him that he would be procedurally barred from filing a Mo. Sup. Ct. R. 24.035 petition while incarcerated in Iowa.  No statement or failure to advise by counsel about the procedural requirements of Rule 24.035 related to the one-year federal limitations period for federal § 2254 cases.  (Doc. 10.)

Petitioner could have filed his federal habeas petition during the approximately twenty-year period he has been incarcerated in Iowa.  Instead, he waited until 2015 to again seek relief in the state court and until 2017 for the federal petition.  This Court does not find petitioner has demonstrated cause for filing his late current federal habeas petition.  Each of petitioner's grounds for habeas corpus relief is time-barred.

Accordingly, the petition of Steven Dale Bradley for a writ of habeas corpus is dismissed.  Because petitioner has made no showing of a denial of a constitutional right, a certificate of appealability under 28 U.S.C. § 2253(c)(2) is denied.

An appropriate Judgment Order is filed herewith.

          /s/   David D. Noce    
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 10, 2020.